**ST. JOHN TAXI ASSOCIATION, Plaintiff,**

v.

**Gale A. NORTON, in her official capacity as the Secretary of the Interior, John King, in his official capacity as the Superintendent of the Virgin Islands National Park, and National Park Service, an agency of the Department of the Interior, Defendants.**

No. Civ.2002–002.

District Court, Virgin Islands, D. St. Thomas and St. John.

Oct. 18, 2002.

Vincent Colianni II, St. Croix, U.S.V.I., for the plaintiff.

Jocelyn Hewlett, AUSA, St. Thomas, U.S.V.I., for the defendants.

## MEMORANDUM

MOORE, District Judge.

In 2001, the National Park Service ["NPS"] adopted a Commercial Services Plan ["CSP"] to regulate the commercial activities in the Virgin Islands National Park on St. John, United States Virgin Islands ["VINP"]. The NPS developed the CSP to meet the mandate of the National Park Service Concessions Management Improvement Act of 1998, Title IV of the National Parks Omnibus Management Act ["Management Act"]. The CSP requires anyone conducting commercial activities in the VINP, including tour operators, to obtain a permit for a fee. The plaintiff, St. John Taxi Association ["Taxi Ass'n" or "SJTA"], is a sixty member association of St. John taxi drivers who operate tours in the VINP. The Taxi Ass'n alleges that these fees are unlawful because the Land and Water Conservation Fund Act of 1965 ["LWCFA"], 16 U.S.C. §§ 4601–4 to 4601–11, prohibits the NPS from charging for the use of the roads and scenic overlooks in national parks. The SJTA seeks a declaratory judgment that the portion of the CSP that imposes these fees on its members violates federal law and is unenforceable and requests a permanent injunction prohibiting the defendants from enforcing the new fee system. The NPS has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the plaintiff has moved for summary judgment.

This is an action under Section 706 of the Administrative Procedure Act ["APA"], which provides that agency action that conflicts with a federal statute must be set aside.[1] The Taxi Ass'n alleges that the CSP's imposition of fees conflicts with 16 U.S.C. § 4601–6, which prohibits a fee for using scenic overlooks or roads in national parks. This Court has jurisdiction over this federal question pursuant to section 22(a) of the Revised Organic Act of 1954 and 28 U.S.C. § 1331.

### The Management Act

In the Management Act, Congress directed the NPS to charge a fee to permittees who conduct commercial activities in the VINP. The NPS "upon request, may authorize a private person, corporation, or other entity to provide services to visitors of units of the National Park System through a commercial use authorization." 16 U.S.C. § 5966(a). The NPS further "*shall* require payment of a reasonable fee for issuance of an authorization under this section, such fees to remain available without further appropriation to be used, at a minimum, to recover associated management and administrative costs." *Id.*, § 5966(b)(2)(A)(emphasis added).

### The Land and Water Conservation Fund Act

The Taxi Ass'n argues that the fee-imposing provisions of the CSP must be set

---

1. "The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Section 704 of the APA provides that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The CSP constitutes final agency action within the meaning of Section 704 and is therefore subject to judicial review.

aside because they conflict with section 4601–6 of the LWCFA.[2] This provision pertains to the establishment of admission and recreation use fees in national parks. The SJTA asserts that subsection 4601–6a(b) bars the CSP from imposing fees on its members for conducting tours in the park, because the LWCFA prohibits the NPS for charging fees for the use of roads and overlook sites. The subsection provides in pertinent part:

> Each Federal agency developing, administering, providing or furnishing at Federal expense, specialized outdoor recreation sites, facilities, equipment, or services shall, in accordance with this subsection and subsection (d) of this section, provide for the collection of daily recreation use fees at the place of use or any reasonably convenient location: *Provided,* That *in no event shall there be a charge by any such agency for the use,* either singly or in any combination, of drinking water, wayside exhibits, *roads, overlook sites,* visitors' centers, scenic drives, or toilet facilities . . . .

16 U.S.C. § 4601–6a(b) (emphasis added).

The SJTA contends that this section of the LWCFA forbids the NPS from charging anyone—commercial or recreational users—a fee for the use of roads and overlooks in national parks. The Taxi Ass'n argues that "[n]othing in section 4601–6a(b)—or anywhere else in the [LWCFA]—suggests that the prohibition against charging for the use of roads and

overlooks applies only to noncommercial vehicles." (Pl.'s Mem. of Law in Opp'n to the National Park Service's Mot. to Dismiss at 4.) Subsection 6a(b), however, is entitled "Recreation use fees," which implies that this subsection does not apply to commercial uses and services, such as the activities of the SJTA.[3]

In addition to subsection 6a(b)'s title, "Recreation use fees," subsection 6a(n) shows that 6a(b)'s prohibition of fees for use of roads and scenic overlooks applies only to recreational, non-commercial, users. Subsection 6a(n) requires the imposition of commercial tour fees in the case of National Parks for which an admission fee is charged. The Taxi Ass'n argues that because Congress specifically mentioned commercial tours in subsection 6a(n) but did not do so in subsection 6a(b), the latter's prohibition of fees must apply to everyone. I find that subsection 6a(n) has the opposite effect: it shows that Congress intended that subsection 6a(b) applies only to recreational users. If subsection 6a(b) prohibited national parks from levying fees on commercial users for the use of roads and scenic overlooks, it would conflict with subsection 6a(n), which provides for commercial tour use fees for vehicles that use the roads and scenic overlooks. Therefore, the SJTA's interpretation of subsection 6a(b) would cause the LWCFA to be internally inconsistent. To render the LWCFA internally consistent, I will read subsection 6a(b)'s prohibition of road and scenic overlook fees as

---

2. SJTA also argues that the CSP violates 16 U.S.C. § 398e(b), which prohibits the imposition of any fee or charge for entrance into the VINP. The statute provides, in relevant part: "Admission fee prohibited.

Notwithstanding any provision of law to the contrary, no fee or charge shall be imposed for entrance or admission into the Virgin Islands National Park." Section 398e(b) does not apply, however, because it does not impose an entrance or admission fee.

3. Members of the Taxi Ass'n provide taxi services—that is, they travel over the Park's roads to take passengers from Point A to Point B. The NPS charges no fee to the SJTA members for providing such taxi services. The CSP requires a permit and imposes a fee only on the commercial tour operations of SJTA members—that is, when they provide sightseeing trips through the Park.

applying only to recreational users, and not to commercial users.[4]

I accordingly reject the SJTA's argument that the LWCFA prohibits the NPS from imposing fees for commercial tour operators who use the VINP's roads and scenic overlooks. The LWCFA prohibits charging only recreational users for the use of roads. Section 460*l*-6 does not prohibit charging a fee to commercial tour operators who use the roads and scenic overlooks to conduct their businesses. Hence, there is no conflict between the CSP and the LWCFA and no basis for setting aside the provisions of the CSP that impose fees on commercial users of the VINP's roads and scenic overlooks.

**Rule 12(b)(6) Standard**

In considering the NPS's motion to dismiss under rule 12(b)(6), the Court "may dismiss [the] complaint if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *See Bostic v. AT & T of the Virgin Islands*, 166 F.Supp.2d 350, 354 (D.Vi.2001) (internal quotations omitted); *see also* FED. R. CIV. P. 12(b)(6). I have accepted as true all well-pled factual allegations and, drawing all reasonable inferences in the plaintiff's favor, I conclude that the CSP fees are permissible under the relevant federal statutes.

I will therefore grant the NPS's motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted, and will deny the SJTA's motion for summary judgment. An appropriate order follows.

4. At oral argument, the SJTA insisted that 6a(n) has no application to this case because it only applies to parks where an admission fee is charged and § 398e prohibits the NPS from charging an admission fee to the VINP.

**ORDER**

For the reasons stated in the accompanying Memorandum of even date, the Court finds that the plaintiff has failed to state a claim against the defendants for which relief can be granted. Accordingly, it is hereby

**ORDERED** that the defendants' motion to dismiss [docket entry # 17] is **GRANTED**, and

**ORDERED** that the plaintiff's motion for summary judgment [docket entry # 13] is **DENIED**. This case is **DISMISSED WITH PREJUDICE.**

This misses the point, which is a matter of statutory interpretation. I only look to 6a(n) to assess whether the SJTA's proffered construction of 6a(b) would be consistent with 6a(n).