

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2003

# St John Taxi Assn v. Norton

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4182

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"St John Taxi Assn v. Norton" (2003). *2003 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 02-4182

ST. JOHN TAXI ASSOCIATION,

Appellant

v.

GALE A. NORTON, in her official capacity as the
Secretary of the Interior;
JOHN KING, in his official capacity as the
Superintendent of the Virgin Islands National Park;
NATIONAL PARK SERVICE, an agency of the
Department of the Interior

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 02-cv-00002)
District Judge: Hon. Thomas K. Moore

Argued April 30, 2003

BEFORE: ROTH, MC KEE and COWEN, Circuit Judges

(Filed: September 15, 2003)

Vincent A. Colianni, II, Esq. (Argued)
Colianni & Colianni
1138 King Street
Christiansted, St. Croix
USVI, 00820

Counsel for Appellant

Barbara C. Biddle, Esq.
United States Department of Justice
Civil Division, Appellate Staff
601 D Street, N.W.
Room 9124
Washington, DC 20530

Joycelyn Hewlett, Esq.
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
USVI, 00802-6924

Steven I. Frank, Esq.
Michael S. Raab, Esq. (Argued)
United States Department of Justice
Civil Division, Appellate Staff
60l D Street, N.W.
Room 9534
Washington, DC 20530

        Counsel for Appellees

---

OPINION

---

COWEN, Circuit Judge.

The St. John Taxi Association ("Association") appeals from the order of the District Court of the Virgin Islands granting defendants' motion to dismiss and dismissing this case with prejudice.  The District Court ruled that the National Park Service possesses the statutory authority to charge a fee for the commercial use of the roads, overlook sites, and scenic drives in the Virgin Islands National Park.  We will affirm.

2

I.

The Association consists of sixty taxi drivers operating on St. John, U.S. Virgin Islands. In addition to taking people to and from various destinations, the Association and its members provide driving tours along the public roads of the Virgin Islands National Park. The sightseeing tours include brief stops at the park's scenic overlooks.

Following the adoption of the National Park Service Concessions Management Improvement Act of 1998 ("Management Act"), the National Park Service promulgated a Commercial Services Plan to regulate commercial activities in the Virgin Islands National Park.[1] 16 U.S.C. § 5966(b)(2)(A) directs the Secretary of the Interior ("Secretary") to "require payment of a reasonable fee for issuance" of a commercial use authorization. Under the Commercial Services Plan, a commercial use authorization or permit must be obtained in order to provide driving tours of the park. It appears that a taxi association may pay for an umbrella permit authorizing its members to offer taxi and touring services. A permit is not required for rental cars used for personal transport, public buses operating on a fixed route according to a published schedule, and taxis transporting passengers "from point a to point b and not providing 'tours'." App. at 41. These requirements became effective on January 1, 2002.

On the next day, the Association commenced this action for declaratory and injunctive relief under the Administrative Procedure Act. It named the National Park

_____

[1] The Management Act was enacted as title IV of the National Parks Omnibus Management Act of 1998.

3

Service, Secretary Gale A. Norton, and John King, the superintendent of the Virgin Islands National Park, as defendants. According to the Association, the fee scheme violates the amended Land and Water Conservation Fund Act of 1965, specifically the enactment's alleged prohibition in 16 U.S.C. § 460*l*-6a(b) against charging for the use of roads, overlook sites, and scenic drives.[2]

The Association moved for summary judgment, and defendants likewise filed a motion to dismiss for failure to state a claim. The District Court granted defendants' motion to dismiss, denied plaintiffs' summary judgment motion, and dismissed this case with prejudice in an order entered on October 18, 2002. In an accompanying memorandum, the District Court concluded that § 460*l*-6a(b)'s restriction applies only to recreational users and thereby does not provide a basis for overturning the National Park Service's fee requirement. *St. John Taxi Ass'n v. Norton*, 227 F. Supp. 2d 451, 452-54 (D.V.I. 2002). The Association timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 48 U.S.C. § 1612(a). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We must

---

[2] The Association also alleged that the fee is contrary to 16 U.S.C. § 398e(b), which provides that "no fee or charge shall be imposed for entrance or admission into the Virgin Islands National Park." The District Court correctly noted that this case does not involve an entrance or admission fee, and the Association does not contend on appeal that the fee scheme violates this particular prohibition.

4

exercise de novo review over the District Court's dismissal of this action. *See, e.g., Pryor v. NCAA*, 288 F.3d 548, 559 (3d Cir. 2002).

The Association asserts that § 460*l*-6a(b) prohibits the National Park Service from imposing a fee on taxi drivers offering driving tours of the Virgin Islands National Park. This provision provides in relevant part:

> (b) Recreation use fees; collection; campgrounds at lakes or reservoirs under jurisdiction of Corps of Engineers; fees for Golden Age Passport permittees
>
> Each Federal agency developing, administering, providing or furnishing at Federal expense, specialized outdoor recreation sites, facilities, equipment, or services shall, in accordance with this subsection and subsection (d) of this section, provide for the collection of daily recreation use fees at the place of use or any reasonably convenient location:  *Provided,* That in no event shall there be a charge by any such agency for the use, either singly or in any combination, of drinking water, wayside exhibits, roads, overlook sites, visitors' centers, scenic drives, or toilet facilities, nor shall there be any such charge solely for the use of picnic tables[.]

16 U.S.C. § 460*l*-6a(b).[3] On the other hand, the Management Act states that "the Secretary, upon request, may authorize a private person, corporation, or other entity to provide services to visitors to units of the National Park System through a commercial use authorization." 16 U.S.C. § 5966(a). § 5966(b)(2)(A) directs the Secretary to "require payment of a reasonable fee for issuance of an authorization under this section." The Association contends that the only reasonable way to resolve the apparent conflict between these two provisions is to find that businesses whose park activities are limited to the use of roads and overlooks are not subject to the § 5966(b)(2)(A) fee requirement. We, however, agree with the District Court that § 460*l*-6a(b) does not apply to commercial park users.

The Association's argument rests on an understanding of § 460*l*-6a(b) as prohibiting the assessment of fees for commercial as well as recreational uses. Contrary to the Association's suggestion, there are several indications that the scope of this provision is

[3] Subsection (d) establishes criteria for these fees:

> All fees established pursuant to this section shall be fair and equitable, taking into consideration the direct and indirect cost to the Government, the benefits to the recipient, the public policy or interest served, the comparable recreation fees charged by non-Federal public agencies, the economic and administrative feasibility of fee collection and other pertinent factors. Clear notice that a fee has been established pursuant to this section shall be prominently posted at each area and at appropriate locations therein and shall be included in publications distributed at such areas. It is the intent of this part that comparable fees should be charged by the several Federal agencies for comparable services and facilities.

16 U.S.C. § 460*l*-6a(d).

restricted to recreational users. The prohibition against charging for the use of roads, overlook sites, and scenic drives represents a proviso to a general imposition of fees for the *recreational use* of federal recreation sites or facilities. Every federal agency "developing, administering, providing or furnishing at Federal expense, specialized outdoor recreation sites, facilities, equipment, or services shall . . . provide for the collection of *daily recreation use fees* at the place of use or any reasonably convenient location." *Id.* (emphasis added). The statutory text omits any reference to commercial or any other purposes. The proviso therefore only forbids certain charges that take the form of daily recreation use fees. The section headings further emphasize this notion of recreation use. § 460*l-6a* is entitled "[a]dmission and special recreation use fees," and the heading of the actual subsection refers to "[r]ecreation use fees."

The Association, relying on the provision's reference to recreation sites and facilities, contends that the term "recreation" indicates the nature of the site or facility and not the user's identity or purpose. Such an interpretation would make any repetition of this term in the discussion of the imposed fees unnecessary because the provision otherwise enumerates the sites to which it applies. Furthermore, § 460*l-6a(b)* actually refers to "daily recreation use fees" as opposed to mere "recreation fees." This terminology clearly indicates that commercial users fall outside the scope of the statutory provision.

The District Court held that another aspect of § 460*l-6a* demonstrates that the proviso benefits only recreational users. 16 U.S.C. § 460*l-6a(n)(1)* provides:

7

In the case of each unit of the National Park System for which an admission fee is charged under this section, the Secretary of the Interior shall establish, by October 1, 1993, a commercial tour use fee to be imposed on each vehicle entering the unit for the purpose of providing commercial tour services within the unit. Fee revenue derived from such commercial tour use fees shall be deposited into the special account established under subsection (I) of this section.

According to the Association, this commercial tour fee is not a charge for the use of the park roads. It contends that the fee, based on the passenger capacity of the vehicle, essentially constitutes a substitute for the admission fees that would be received from the individual passengers if they had not taken the tour.[4] *See* 16 U.S.C. § 460*l*-6a(n)(2). But the commercial tour provision still constitutes further evidence that § 460*l*-6a(b) and its proviso are exclusively concerned with recreational activities. The clear difference in language between "*commercial* tour use fee" and "daily *recreation* use fees" highlights the congressional intent to limit the scope of § 460*l*-6a(b) to charges for the recreational use of park facilities.

The proviso therefore only applies to recreational patrons who otherwise would be assessed a daily use fee. Its terms do not cover the fee for a commercial use authorization allowing taxi drivers to provide tours of the Virgin Islands National Park.[5] Because this

---

[4] Because there is no fee for admission into the Virgin Islands National Park, *see* 16 U.S.C. § 398e(b), the National Park Service does not impose a commercial tour use fee for this specific park.

[5] The Association further challenges this understanding of § 460*l*-6a(b) on the grounds that commercial operators will simply pass on any fees to the passengers. It contends that Congress could not have intended such discrimination between recreational patrons touring the park by taxi or other commercial vehicles and those using private cars.

provision is not contrary to § 5966(b)(2)(a)'s requirement of a reasonable fee to receive a commercial use authorization, this Court is not confronted with any apparent conflict. Even if such a conflict existed, we would still reject the Association's assertion that § 5966(b)(2)(a) must be read as not applying to businesses that merely use the park roads and overlooks. Such a proposed exception lacks any basis in the text of the provision or otherwise. The distinction between commercial and recreational uses, however, is well supported by the terms of § 460*l*-6a. The National Park Service did not violate federal law by implementing the Management Act and requiring the payment of a fee to obtain permission to conduct driving tours of the Virgin Islands National Park.

III.

For the foregoing reasons, the judgment of the District Court entered on October 18, 2002 will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Robert E. Cowen
United States Circuit Judge

_____

We reject any suggestion that such billing practices mean that the National Park Service requires the customers to pay a recreation use fee. The commercial entities remain solely responsible for any payments to the National Park Service. The fact that they recoup these payments as well as other costs of doing business by charging more to passengers is of no consequence to our analysis.

9